[No. 6273–1.   Division One.   March 19, 1979.]

*In the Matter of the Welfare of*
ROBYN A. DECOTEAU.

*Sarah Lytel, Public Defender,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Thomas Pugh, Deputy,* for respondent.

JAMES, J.—Robyn DeCoteau, a minor, was committed to the Department of Social and Health Services after a finding that she was guilty of theft and burglary. We affirm.

DeCoteau was apprehended by Detective Glen Christian of the King County Police during a burglary investigation at Seattle International Raceways. She was subsequently fingerprinted after Juvenile Court Commissioner Richard Ishikawa signed the consent form required by RCW 13.04-.130. During a fact–finding hearing before Commissioner Robert E. Dixon, the State introduced evidence of her

prints. DeCoteau's objection on the grounds that the juvenile court had not properly reviewed Detective Christian's fingerprint request was overruled. Based on the testimony of an accomplice and on the matching of DeCoteau's prints with latent prints obtained from the burglary scene, DeCoteau was found guilty.

DeCoteau's only contention on appeal is that RCW 13.04.130 was violated because Commissioner Ishikawa "rubber stamped" the police fingerprint request. Our review of the record does not support DeCoteau's characterization of the commissioner's actions. The evidence and the reasonable inferences to be drawn from it show that Detective Christian spoke to the commissioner's secretary. He informed her of the circumstances of DeCoteau's arrest and told her that latent fingerprints had been lifted at the burglary scene. This information was relayed to the commissioner before he issued the consent form. The fact that Detective Christian did not speak directly to Commissioner Ishikawa is not significant.

DeCoteau relies on *Vovos v. Grant*, 87 Wn.2d 697, 555 P.2d 1343 (1976). There the Spokane County Juvenile Court had granted a blanket consent order to allow the fingerprinting and photographing of all juveniles arrested for certain enumerated serious crimes. In invalidating the consent order, the Supreme Court held that the juvenile court's consent must be obtained on an individual case–by–case basis.

*Vovos* is readily distinguishable from the case before us. On the basis of the above discussed facts, we conclude that the State has complied with both the letter and the spirit of the *Vovos* requirement of individual consent.

Affirmed.

Swanson and Williams, JJ., concur.

Reconsideration denied August 20, 1979.